Exhibit 14



207 East Buffalo Street, Ste 325
Milwaukee, WI 53202
(414) 272-4032
aclu-wi.org

**Written Testimony of ACLU of Wisconsin**

**Before Milwaukee Common Council Public Works Committee**

**March 18, 2024**

Thank you for the opportunity to comment on the proposed ordinance governing parade and speaker's platform permits within the security zone for the Republican National Convention the week of July 13, 2024. Studying the proposed ordinance, we have several preliminary concerns about the restrictions in the Preliminary Security Footprint, the numerous aspects left to be decided later, the discretion given to the Chief of Police to deny permits, as well the ability to various officials to make last minute changes. All of our comments are directed towards ensuring that individuals have ample ability to exercise their freedoms of assemble, to speak and to protest in the context of the convention.

We preface our comments with the observation that the extent to which the City's proposals will fulfill the expressed intent to facilitate protected activity involving freedom of expression depends substantially on how much of the "security footprint" where such activity will be allowed is consumed by the "credentialed zone" where it will not be allowed. We again urge the City and federal authorities to make public the final boundaries of the "security footprint" and the "credentialed zone" as soon as possible.

The ordinance does not identify the designated parade route, so we cannot comment on whether that route will be appropriate. Any route must permit parades to come within sight and sound of the main entrance of whatever venues will be hosting events of the convention. Again, we urge the City to make that route known as soon as possible.

**The need to avoid precluding spontaneous and unpermitted assemblies and demonstrations within the security footprint**.

An initial concern involves the apparent intention to prohibit spontaneous, unpermitted marches on streets within the security footprint. Section 4.c. provides "Parades within the preliminary security perimeter may take place only during designated parade time slots from Monday, July 15, 2024 through Thursday, July 18, 2024, between the hours of 9:00 a.m. and 4:00 p.m. along an officially defined parade route. Only persons or groups with an official registration may utilize a parade time slot."

But a "parade" could be **any group of two or more people walking together** under the wording of the ordinance. "Parade" is defined as: "any formation, march, or procession of any kind traveling in unison for a common purpose upon the streets, excluding sidewalks within the city that interferes with the normal flow or regulation of vehicular or pedestrian traffic upon the streets within the city."

We urge that the ordinance be amended to allow spontaneous, unpermitted parades on streets and/or sidewalks in the security footprint. Because most vehicular traffic will be forbidden in the zone, the streets are largely indistinguishable from the sidewalks, and should be as open to peaceful assembly and protest as the sidewalks. Of course, street parades need not be allowed to obstruct those vehicles that are permitted in the zone, just as sidewalk parades may not unduly obstruct pedestrian traffic. We suggest that permits be required only for those parades on the official parade route in the security footprint, and that spontaneous parades elsewhere in the zone, including on both streets and sidewalks, be regulated by means of prohibitions of interfering with permitted parades and on unduly obstructing the "normal flow or regulation of authorized vehicular or pedestrian traffic" within the zone. *See Seattle Affiliate of Oct. 22nd Coalition to Stop Police Brutality v. City of Seattle*, 550 F.3d 788 (9th Cir. 2008) (finding ordinance which gave police chief authority to require marches take place on sidewalks and not on streets in violation of First Amendment).

We also believe section 4.a. should also be revised. That section currently states: "No person shall interfere with, engage in or conduct a **parade** on the official parade route without first becoming registered as provided in this ordinance." We believe this section should also be revised so that it does not prevent informal or spontaneous parades on the streets which make up the official parade route, so long as they do not interfere with a permitted parade or necessary traffic flows.

The following language, adopted from the permit rules used by the City in 2020, would be an important addition to the ordinance:

> "No permit shall be necessary to demonstrate, protest, speak, carry written signs, or assemble on any street, sidewalk, or public park permitted by the City within the Security Footprint and outside of the Credentialed Zone, with the exception of the permitted parade route during scheduled parade times and speaker's platform during permitted speaker time."

**The grant of broad discretion to the Chief of Police to revoke permits violates the First Amendment**.

We find extremely problematic the new provision in the current draft of the ordinance which would allow the Chief of Police to revoke a permit on a determination "that an applicant, or persons represented by the applicant, have previously engaged in violent or destructive conduct in connection with a previous parade or other public assembly, in violation of any provisions of the Milwaukee Code of Ordinances or any state or federal laws."

Since parade and protest organizers cannot always control all people who attend or join their protests, this criterion could result in peaceful organizers who take reasonable measures to ensure that their participants abide by the law could be rejected for a parade or speaker's platform permit at the RNC simply because someone was arrested at a prior demonstration.

This provision gives a scope of arbitrary discretion to the Chief of Police that courts have found to be an unconstitutional limitation on the rights of assembly and free expression. *See MacDonald v. City of Chicago*, 243 F.3d 1021, 1027 (7th. Cir 2001)(citing cases).

The provision does not require that the applicant or any person have ever been previously convicted, arrested or charged but simply that the Chief make a "determination."  Moreover, there is no basis for the City's position that a person loses their First Amendment rights of assembly and expression in perpetuity for having previously violated a City ordinance or law.

**The ordinance is unreasonably time-limited**.

The ordinance requires permitted parades and use of the official speaker's platform to terminate at 4:00 p.m. We would ask that this time be made later, say 9:00 p.m. This is happening during the summer when it is light late into the evening, people may be coming after work, and much of the activity of a nominating convention happens during the evening hours of primetime TV.

**The forfeiture for violations should be reduced**.

We would also ask for revisions to section 1.f., the penalty provision of the ordinance.  First, we ask for a reduction in the forfeiture, so that participation in protest is not chilled for lower income individuals.  Second, we ask that this section clarify that payment plans and community service may be alternative sentences and that imprisonment for failure to pay is not permitted for those who are indigent.

**There may be more**.

Thank you for this opportunity to express our preliminary concerns.  We must point out, however, that other issues may arise, given the lack of definition about the path of the parade route, the location of the speaker's platform, the type of sound equipment available at the platform, the list of items prohibited in the security footprint, and the numerous places where this ordinance delegates to officials the ability to make changes at the last minute without returning to this Committee or the Common Council.