# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**COALITION TO MARCH ON THE RNC,**

    **Plaintiff,**

  v.                                                                          **Case No. 24-CV-704-BHL-SCD**

**CITY OF MILWAUKEE,**
**CAVALIER JOHNSON,** and
**JERREL KRUSCHKE,**

    **Defendants.**

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY

    For the reasons stated therein, and for good cause shown, the court **GRANTS** the parties' joint motion for confidentiality protective order, ECF No. 17. Based on that joint motion, **IT IS HEREBY ORDERED:**

The parties shall abide by a confidentiality order as follows:

    1. "Documents" as used herein shall have all the meanings contemplated by Rule 34 of the Federal Rules of Civil Procedure.

    2. The Court, all counsel and parties, and any other persons attending (a) mediation session(s) must treat as confidential all written and oral communications made in connection with or during any mediation session. Except to the extent otherwise stipulated by all persons attending the mediation or ordered by the court, the disclosure of any written or oral communications made by any party, counsel, or other participant in connection with or during any mediation session is prohibited. Mediation proceedings must be treated as

compromise negotiations for the purposes of the Federal Rules of Evidence and state rules of evidence.

3. Any and all documents or information produced or to be produced in connection with this mediation shall be deemed by all counsel and parties, and any other persons attending (a) mediation session(s), including without limitation the Plaintiff Coalition to March on the RNC's designees Omar Flores, Andrea Waters, Hayley McNeill, and Alan Chavoya, as confidential.

4. <u>Non-Disclosure of Confidential Documents and Information.</u> Documents and all information contained therein shall be used for purposes of mediation only and shall not be publicly disclosed. No confidential document or information may be disclosed outside the mediation to any person or in any manner absent order from the court or stipulation of all persons attending the mediation. Communications by counsel to other counsel retained for the action or to staff employed by counsel shall not be deemed a prohibited disclosure under this section.

5. <u>Exclusion for Information in Public Domain.</u> The provisions of this agreement shall not apply to any documents or information which are, or subsequently become, public information through no fault of a party. By way of example only, once the City of Milwaukee or the U.S. Secret Service publicly disclose or confirm information such as the boundaries of the credentialed zone, the Official Parade Route, or observable security features are fully physically in place, Plaintiff may publicly discuss the existence of those features even if the Coalition representatives first learned of them during mediation but not alternatives discussed in the context of mediation or rationales presented for adopting existing features or rejecting others without further order of the court or written agreement of the parties.

6. <u>Documents Produced for Inspection.</u> Documents may be shared during the mediation for inspection and will be subject to this order. During the inspection process, no audio recordings, video recordings, or photograph will be made that pertain to the location or description of security features related to the National Special Security Event (the "Event") to be held in Milwaukee on July 15-18, 2024. During the inspection process, no audio recordings, video recordings, or photographs will be made that pertain to security processes or procedures in place or contemplated for the Event. Notes may be taken during mediation to facilitate discussion; however, at the conclusion of mediation all such notes shall be maintained by counsel.

7. <u>Disposition Upon Termination of Action.</u> The provisions of this order shall not terminate at the conclusion of this action. Upon termination of this action, all documents, materials, and other information produced or elicited by any producing entity and covered by this order, and all copies thereof, shall be returned to the producing entity. All written extracts from such documents including abstracts, summaries, notes, description, lists, synopses, or other writings reflecting or revealing the contents of such documents, materials, or information within the possession, custody, or control of counsel, shall be delivered to the producing entity or shall be destroyed, and counsel for each party shall provide counsel for the producing entity and opposing counsel with an affidavit of such destruction promptly upon written request. This paragraph does not apply to materials that would be deemed privileged as attorney work product.

8. <u>Reservation of Rights.</u> Nothing in this confidentiality order shall be deemed a waiver of any party's right to oppose production or introduction at a trial of any information or document for any reason. The parties further agree that plaintiff's counsel may use these

documents only to facilitate good faith mediation efforts in this litigation. Defendants' disclosure of information at mediation pursuant to this order shall not constitute a waiver or forfeiture of any defense that Defendants may assert to preclude discovery of these documents or their admissibility as evidence in any future suit or similar proceedings. Plaintiff's stipulation to the provisions of this order for purposes of mediation shall not be deemed a waiver or consent to any application by Defendants to file any material under seal during the future course of the action. All parties reserve the right to seek further protective orders or relief from protective orders from the court in connection with any documents and the information contained therein.

**SO ORDERED** this 17th day of June, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge