UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| COALITION TO MARCH ON THE RNC,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MILWAUKEE, CAVALIER JOHNSON in his official capacity as Mayor of the City of Milwaukee, JERREL KRUSCHKE in his official capacity as Commissioner of Public Works for the City of Milwaukee, and KIMBERLY A. CHEATLE in her official capacity as Director of the United States Secret Service,<br><br>Defendants. | Civil Action No: 2:24-cv-00704 |

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND REQUEST FOR HEARING AS TO DEFENDANT UNITED STATES SECRET SERVICE

COMES NOW Plaintiff Coalition to March on the RNC and files this Motion requesting that the Court enter a Temporary Restraining Order and/or Preliminary Injunction as to Defendant Kimberly A. Cheatle in her official capacity as Director of the United States Secret Service, and that the Court set the matter for **hearing for July 3, 2024 at 9:00 am**.

1. On June 6, 2024, Plaintiff filed this case along with a Motion for Preliminary Injunction against the City of Milwaukee defendants named above in which it advanced numerous claims that the City's Special Event Ordinance and the City Defendants' refusal to grant or deny Plaintiff's permits or to release information on restrictions planned for the 2024

1

Republican National Convention ("RNC") in downtown Milwaukee violated Plaintiff's First and Fourteenth Amendment rights.

2. On the evening of Friday, June 21, 2024, the same day that the City Defendants' responsive briefing was due to this Court, the City finally released its planned restrictions and proposed parade route for demonstrators like the Plaintiff. At the same time, the United States Secret Service released the details of its planned "credentialed zone" which would be within the City's security footprint, but be entirely off-limits to all protestors and demonstrators lacking official RNC credentials. This is the first time that Plaintiff or the public was able to evaluate the restrictions that the Secret Service planned to impose.

3. At a status conference on June 24, 2024, the Court ordered that Plaintiff's Motion for Preliminary injunction would be set for oral argument on July 3, 2024 at 9:00 am.

4. With the Secret Service's planned "credentialed zone" extending far beyond what Plaintiff or any news reporting expected, it only became clear at that time that Plaintiff's claims and requested relief to this Court must also be ordered applicable to the United States Secret Service. Accordingly, on June 27, 2024, Plaintiff filed a First Amended Complaint adding the Director of the Secret Service as a Defendant in her official capacity (ECF 33) and on that same day, Plaintiff filed a Reply Brief related to its initial Motion for Preliminary Injunction (ECF 34) that explained the additional need for the requested injunction to apply to the Secret Service. Plaintiff hereby incorporates by reference the facts and argument necessitating injunctive relief as to all Defendants, including the Secret Service, as described in that briefing.

5. Recognizing that the Secret Service was not a party in this case at the time that Plaintiff filed its initial Motion for Preliminary Injunction, Plaintiff now files this supplementary request for a TRO and/or Preliminary Injunction as to the Secret Service and requests that the

Court set it for hearing simultaneously with the hearing currently set on its initial Motion, on July 3, 2024 at 9:00 am.

## A TEMPORARY RESTRAINING ORDER AS TO THE UNITED STATES SECRET SERVICE IS PERMISSIBLE AND WARRANTED

6. Federal Rule of Civil Procedure 65 lays out the requirements that must be met for a court to order a Temporary Restraining Order without written or oral notice to the adverse party. Fed. R. Civ. P. 65(b). Because of the extraordinary timeline involved in this case, the Defendants' culpability in creating that emergency timeline, and for the reasons that follow, the Court is empowered to enter a Temporary Restraining Order as to the Secret Service even without notice or an opportunity to be heard.

7. Without immediate relief for the Plaintiff, immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

8. Plaintiff's attorney has certified by the following efforts made to give notice and the reasons why it should not be required:

- Upon information and belief, the Secret Service has been hyper-aware of this case since its original filing, coordinating with the City Defendants on numerous aspects of the case;

- At the attempted mediation of this case on June 16, 2024, the Secret Service attended the mediation represented by independent legal counsel;

- On June 21, 2024, the Secret Service coordinated with the City Defendants for a simultaneous release of its security "credentialed zone" map along with the City's security zone and proposed demonstration areas;

- Also by June 21, 2024, the Secret Service had coordinated with the City Defendants on their Response to Plaintiff's initial Motion for Preliminary Injunction, including numerous explanations and justifications of the security footprint from the point of view of the Secret Service. This coordination and response, for all practical purposes, resulted in the Secret Service's position being briefed to the Court, even before it was a named party;
- This fact is bolstered by the inclusion of the 8-page Declaration of Audrey Gibson Cicchino, RNC Coordinator for the Secret Service, signed on June 20, 2024, as a heavily cited exhibit to the City Defendants' Response;
- On June 24, 2024, prior to filing of Plaintiff's First Amended Complaint, counsel for the Plaintiff contacted Michael Carter, Assistant United States Attorney who had previously represented the Secret Service at the June 16 mediation, to inform him that the Plaintiff intended to add the Secret Service as a Defendant in this case, and to inquire if he was authorized to accept service on its behalf;
- Promptly upon filing its First Amended Complaint, on the morning of June 25, 2024, Plaintiff sent service to the appropriate persons at the offices of the Secret Service both locally and in Washington, D.C., and also to the Attorney General by way of their designated agent in Washington, D.C.
- Understanding the timeline of this case, Plaintiff sent service of these documents by Overnight Registered Mail, and provided courtesy copies by e-mail to Attorney Michael Carter in the office of the U.S. Attorney for the Eastern District of Wisconsin.

- Plaintiff also provided written notice to Attorney Michael Carter that this case is currently set for a hearing before the Court on July 3, 2024 at 9am in e-mail correspondence on June 24 and June 25.

9. As fully explained in Plaintiff's Reply Brief (ECF 34), Plaintiff will suffer irreparable harm if injunctive relief is not entered as to all Defendants, including the Secret Service. The Secret Service's "credentialed zone" unlawfully restricts Plaintiff's First Amendment rights, and without Court intervention prior to July 15, 2024, those injuries will be permeant and non-redressable.

10. The emergency nature of this Motion and the truncated timeline requested for any briefing are necessitated by the Defendant's actions in failing to timely release its plans to facilitate a fair judicial review, and therefore, Defendants should be barred in equity from opposing the requested procedure or timeline.

11. While Plaintiff has made every reasonable attempt to complete service and provide prompt and timely notice to the Secret Service regarding this case, as of this writing, Plaintiff, nevertheless, cannot guarantee that service will be perfected prior to the Court's scheduled hearing date on July 3rd. Accordingly, the Court is justified, if necessary, in entering a Temporary Restraining Order as to the Secret Service based on the arguments and requested relief outlined in Plaintiff's Reply Brief related to its initial Motion for Preliminary Injunction. If service is perfected prior to the Court's order in this case, a Preliminary Injunction as to the Secret Service is justified.

12. Considering the foregoing and the Emergency nature of this case, **Plaintiff further requests that the Court set this Motion for hearing simultaneously with the existing Motion for Preliminary Injunction in this case, currently set for July 3, 2024 at 9:00 am.**

Dated: June 27, 2024                    Respectfully submitted,

                                                        By: _/s R. Timoty Muth_____

                                                        RYAN V. COX
                                                        Bar No. 24074087
                                                        rcox@aclu-wi.org
                                                        R. TIMOTHY MUTH
                                                        Bar No. 1010710
                                                        tmuth@aclu-wi.org
                                                        HAYLEY I. ARCHER
                                                        Bar No. 1101459
                                                        harcher@aclu-wi.org

                                                        ACLU OF WISCONSIN FOUNDATION
                                                        207 E. Buffalo Street, Suite 325
                                                        Milwaukee, WI 53202
                                                        Phone:  414-272-4032

                                                        *Attorneys for Plaintiff, Coalition to March on the RNC*