UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

COALITION TO MARCH ON THE RNC,

          Plaintiff,          Case No. 24-cv-704

v.

CITY OF MILWAUKEE, et al.

          Defendants.

---

### Defendant Kimberly Cheatle's Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction and Request for Hearing

---

Defendant, Kimberly Cheatle, in her official capacity as Director of the United States Secret Service (hereinafter, the "USSS"), by her undersigned attorneys, hereby submits the following opposition to Plaintiff's Emergency Motion for Temporary Restraining Order or Preliminary Injunction. The USSS notes that Plaintiff has not completed service of its Amended Complaint as required by Federal Rule of Civil Procedure 4(i)(2), and, therefore, the USSS files this opposition as a precautionary matter to provide the Court with its initial response to Plaintiff's Emergency Motion.[1]

The Court should deny Plaintiff's request for a temporary restraining order or preliminary injunction against the USSS for three primary reasons. First, Plaintiff's Amended Complaint fails to state any claim against the USSS because all of Plaintiff's claims challenge actions by the City Defendants, not the USSS. *See* ECF 33, Amended Complaint, ¶¶ 75-90 (asserting three

---

[1] Service is defective, at the very least, because Plaintiff did not serve the United States Attorney's Office with the Amended Complaint as required by Rule 4(i)(2). *See* ECF 37, Declaration of Ryan Cox, ¶ 8 (stating that Plaintiff served the Amended Complaint on the Attorney General and two Secret Service offices); *compare* Fed. R. Civ. Pro. 4(i)(2) (for service on a federal officer in her official capacity, plaintiff must serve the United States under Rule 4(i)(1), which requires service on the U.S. Attorney's Office and the Attorney General, as well as the officer).

1

counts under 42 U.S.C. § 1983 challenging City's denial of permit applications and City's Special Event Ordinance). Second, and relatedly, a TRO or preliminary injunction against the USSS will not provide the relief Plaintiff seeks because the USSS does not issue permits for parade routes or speakers' platforms or enforce the City's Special Event Ordinance. Finally, because the City's proposed parade route and speakers' platforms are appropriate under the First Amendment, the Court need not and should not reach Plaintiff's unfounded request for an order declaring that the USSS's security perimeter is overly broad.

I.   **Plaintiff fails to state a claim against the USSS.**

In its initial Complaint, Plaintiff asserted three causes of action against the City Defendants pursuant to 42 U.S.C. § 1983: (1) Count I alleging that the City improperly failed to grant Plaintiff's permit applications; (2) Count II alleging that the City's Special Event Ordinance is facially unconstitutional; and (3) Count III alleging that the City's Special Event Ordinance violates Plaintiff's due process rights. ECF 7, Complaint at ¶¶ 56-70. In its Amended Complaint, Plaintiff repeats nearly verbatim the same three—and only those three—causes of action, but now alleges them generally against all the defendants named in the Amended Complaint, including the USSS. ECF 33, Amended Complaint at ¶¶ 75-90.

As an initial matter, Plaintiff cannot state a claim against the USSS pursuant to 42 U.S.C. § 1983 because that statute does not apply to federal officials. *See Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003).[2] Plaintiff's Amended Complaint, moreover, contains no allegations to plausibly suggest that the USSS was involved in the City's alleged decisions to deny Plaintiff's

---

[2] The only exception to Section 1983's inapplicability to federal officials arises if a federal official conspires with state officials to deprive a person of her civil rights under color of state law. *Milewski*, 327 F.3d at 567. Plaintiff makes no such conspiracy allegation in its Amended Complaint. *Id.* at 568 (holding that Section 1983 did not apply to federal officers because "[n]owhere in the complaint does Case allege that the State of Illinois cloaked federal officers in any degree of state authority . . . [or] demonstrate that state officials and defendants reached an understanding to deny Case his constitutional rights").

2

permit applications or the City's adoption of its Special Event Ordinance. *See* ECF 33, Amended Complaint at ¶¶ 20-25 & 38-40 (alleging that Plaintiff submitted permit applications to the City and describing the City's alleged response to those application without any mention of the USSS); *id.* at ¶¶ 27-31 & 34-37 (alleging that "the City of Milwaukee adopted a Special Event Ordinance" and describing that ordinance without reference to any action by the USSS). Put simply, the USSS neither issues permits for parades or speakers' platforms nor adopts municipal ordinances—but those are the actions at issue in Plaintiff's Amended Complaint. Plaintiff thus fails to state any claim for relief against the USSS.

II. **A temporary restraining order or preliminary injunction against the USSS would not provide Plaintiff with the relief it seeks.**

Consistent with the lack of any valid claim against the USSS, Plaintiff also cannot obtain the relief it seeks from the USSS. Plaintiff asks the Court to order that the USSS's "credentialed zone" be modified in the area of Pere Marquette Park to allow Plaintiff to march along its proposed alternative parade route on Martin Luther King Jr. Drive. ECF 34, Plaintiff's Reply Br. at 2 & 11-12. Even if the credential zone were modified as Plaintiff requests, however, the USSS lacks authority to grant Plaintiff a permit for its proposed alternative parade route. Instead, as Plaintiff recognizes in its Amended Complaint, the City grants parade permits.[3] And as the City explained in its briefing, Plaintiff's proposed alternative parade route is not feasible because it would interfere with multiple routes necessary for emergency responders to access the Convention sites and the areas around them. ECF 24, City's Opp. Br. at 6-7 (explaining that State Street, Kilbourn Avenue, and Wells Street—all of which Plaintiff's proposed alternative parade route crosses twice on the east and west sides of the Milwaukee River as the route

---

[3] Likewise, Pere Marquette is a Milwaukee County Park, and the USSS lacks authority to issue a permit for Plaintiff to use that park. *See* Milwaukee County Parks, Host a Special Event, Premium Park Venues, available at https://county.milwaukee.gov/EN/Parks/Plan/Host-an-Event (last visited July 2, 2024).

3

proceeds along Martin Luther King Jr. Drive and Water Street—must be kept free from pedestrian traffic to ensure safe emergency response routes).

The City possesses thus significant government interests in public safety and traffic control that preclude Plaintiff's alternative proposed parade route. *American Civil Liberties Union of Colorado v. City and County of Denver*, 569 F.Supp.2d 1142, 1186 & 1188 (D. Col. 2008) (concluding that official parade route was narrowly tailored to meet significant interest in ensuring emergency access to convention sites and that denial of permit for plaintiff's proposed alternative route was appropriate in light of public safety and traffic concerns raised by that route). The City's significant interests, moreover, would preclude Plaintiff's proposed route even if the USSS's credentialed zone did not include the area around Pere Marquette Park. A temporary restraining order or preliminary injunction requiring the USSS to modify its credentialed zone around Pere Marquette Park, therefore, would not grant Plaintiff the ability to march along its proposed alternative parade route. *Cf. Lindland v. U.S. Wrestling Ass'n, Inc.*, 227 F.3d 1000, 1006 (7th Cir. 2000) (in a case in which two organizations were involved in the nomination of wrestlers for the Olympics, the Seventh Circuit explained that an injunction against one of the organizations would not require the second to send the nomination to the International Olympic Committee if the second organization had an independent ground of decision against the nomination).

**III. The City's parade route and speakers' platforms satisfy the First Amendment, and, therefore, the Court need not address Plaintiff's unfounded complaints about the USSS's credentialed zone.**

In its motion papers, Plaintiff offers its proposed alternative parade route as its desired means for its members to exercise their First Amendment rights. But "the First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired." *Heffron v. Int'l Soc'y for Krishna Consciousness, Inc.*, 452 U.S. 640, 647

(1981). The question is not whether Plaintiff's proposal is preferable, but rather whether the time, place, and manner restrictions adopted by the City comply with the First Amendment. *See City and County of Denver*, 569 F.Supp.2d at 1177 ("the First Amendment does not require the Defendants to create an ideal, or even the least restrictive, security plan"). And as the City forcefully argues in its opposition brief, the City's parade route and speakers' platforms satisfy the First Amendment's commands. ECF 24, City's Opp. Br. at 16-26.

Indeed, in its reply brief, Plaintiff fails to seriously engage with the City's parade route and speakers' platforms. Plaintiff contends that one of its "primary goals in organizing a march on the RNC is to provide an opportunity for groups and individuals to express opinions directly to the leaders and decision-makers of the Republican Party." ECF 34, Reply Br. at 15. The City's northern speakers' platform, which is located at the corner of McKinley Avenue and Martin Luther King Jr. Drive directly next to the delegate bus depot and with direct lines of sight to the Fiserv Form, readily allows Plaintiff to meet that goal. But Plaintiff fails to provide any argument in its reply brief to explain why that speakers' platform is inadequate. *See City and County of Denver*, 569 F.Supp.2d at 1181-1182 (concluding that public/demonstrate zone designated by city provided constitutionally sufficient means to express views to delegates). Rather than engage with the City's proposal, Plaintiff instead proposes Red Arrow Park as a rally location. ECF 34, Reply Br. at 21. Given that Plaintiff desires a location farther away from the delegates than the northern speakers' platform, the City's proposal plainly provides a constitutionally adequate means for Plaintiff and its members to express their views.

In addition to expressing its members' views to RNC delegates and other leaders, Plaintiff has also asserted that it desires media coverage of its parade. ECF 2, Memo in Support of Motion for Preliminary Injunction, pp. 3 & 15. The City's parade route abuts the credentialed

zone adjacent to the Baird Center, which is an official Convention site and will serve as the media center. ECF 24, City's Opp. Br. at 10. The City's southern speakers' platform is likewise proximate to the Baird Center. *Id.* The City's parade route and southern speakers' platform, therefore, readily provide Plaintiff and its members with access to the media, yet Plaintiff once again fails to explain why such access is insufficient. Instead, Plaintiff merely complains that the City's parade route is too far, in Plaintiff's view, from the Fiserv Forum—while ignoring that the City also provided the northern speakers' platform adjacent to the Fiserv Forum.

Because the City's time, place, and manner restrictions are narrowly tailored to meet significant government interests and allow ample alternative means of expression, the Court should uphold the City's parade route and speakers' platform and reject Plaintiff's request for its alternative parade route. In that event, moreover, the Court need not and should not reach Plaintiff's arguments about the USSS's credentialed zone in the area of Pere Marquette Park. *Immigration and Naturalization Service v. Bagamasbad*, 429 U.S. 24, 25 ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the result they reach.").

In any event, Plaintiff's allegation that the USSS "expanded" the credentialed zone to include the area around Pere Marquette Park in response to "political pressure to chill First Amendment expression," ECF 34, Reply Br. at 9, is unfounded and lacks any evidentiary support. Indeed, Plaintiff's own briefing makes clear that the USSS did <u>not</u> include the area around Pere Marquette Park to limit anyone's First Amendment rights, but rather because the RNC event planners rented the Milwaukee County Historical Society for use as a Convention site. *See id.* at 10-11 ("the RNC filed permit applications for both Pere Marquette Park and the Milwaukee County Historical Society on the park's southwest corner"); *see also* ECF 26,

Declaration of Audrey Gibson Cicchino, ¶¶ 4 & 14 (explaining that the USSS does not select the location of Convention events and that the RNC's Committee on Arrangements selected the Historical Society as a Convention site). Just as with the other Convention sites, once the Historical Society was designated a Convention site, the USSS engaged in security planning to ensure the safety of attendees and others in the vicinity of that site. The credentialed zone around the Historical Society, which includes Pere Marquette Park and a portion of Kilbourn Avenue, is narrowly tailored to meet the government's significant interest in attendee and public safety at the Historical Society. ECF 26, Gibson Cicchino Dec. at ¶¶ 16-17 & 19.

In sum, the First Amendment rights of Plaintiff and its members have not been violated by any of the Defendants. The Court should deny Plaintiff's request for a temporary restraining order or preliminary injunction.

Respectfully submitted this 2nd day of July, 2024.

                                                    GREGORY J. HAANSTAD
                                                    United States Attorney

          By:    /s Michael Carter

                 MICHAEL A. CARTER
                 Assistant United States Attorney
                 Eastern District of Wisconsin
                 State Bar No. 1090041
                 517 East Wisconsin Avenue
                 Milwaukee, WI 53202
                 (414) 297-4101
                 Fax: (414) 297-4394
                 michael.a.carter@usdoj.gov